IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARBARA MIHALICH, individually and
on behalf of all others similarly situated,

Plaintiff,

      vs.

JOHNSON & JOHNSON and JOHNSON
& JOHNSON CONSUMER COMPANIES,
INC.,

Defendants.                          Case No. 14-cv-600-DRH-SCW

## MEMORANDUM and ORDER

Now before the Court are defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s motion to dismiss for failure to state a claim and alternative motion to strike (Doc. 17). Specifically, defendants move for dismissal of plaintiff's complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), 12(b)(6) and 12(b)(9). Naturally, plaintiff opposes the motion, arguing defendants' motion lacks merit, and that plaintiff suffered a financial injury (Doc. 26). For the reasons stated below, defendants' motion to dismiss is granted with leave to amend.

## I.  Introduction and Background

On May 23, 2014, plaintiff Barbara Mihalich filed a putative class action on behalf of herself and a class of other similarly situated purchasers of Johnson's® Baby Powder alleging that defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. (hereinafter "Johnson") failed to warn

consumers of the risks associated with the use of Johnson & Johnson Baby Powder for feminine hygiene purposes in the female perineum (Doc. 2). Specifically, Plaintiff alleges that women face an increased risk of ovarian cancer due to prolonged use of talc based products, like Johnson's® Baby Powder, in the genital area. She goes on to allege that defendants were aware of the risks associated with such use of Johnson's® Baby Powder in the female genital region, and the increased risk of ovarian cancer as a result of continued use of the product. Plaintiff supports these allegations by citing to various national studies dating back to the 1960s, many of which plaintiff claims defendants were aware of for many years (Doc. 2, ¶ 23-62).

Plaintiff's complaint alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq* ("ICFA") and seeks injunctive relief resulting from the alleged violation (Count I), in addition to alleging a claim for unjust enrichment (Count II), arguing that the proposed class of plaintiffs conferred a monetary benefit on defendants when purchasing the baby powder product, while defendants simultaneously failed to sufficiently disclose its risks of use to consumers.

Following the filing of the complaint, defendants filed the pending motion to dismiss for failure to state a claim and alternative motion to strike (Doc. 17) seeking to dismiss the entire complaint on the basis that plaintiff has not suffered an "injury" to satisfy the standing requirements of Article III or for purposes of stating a claim under the ICFA; (2) Plaintiff's fraud-based ICFA claim fails to meet

the Rule 9(b) heightened pleading standard; (3) Plaintiff's class definitions are overbroad and unascertainable[1]; (4) Plaintiff's request for injunctive relief lacks standing; and (5) Plaintiff's unjust enrichment claim because she suffered no actual detriment. Finally, defendants also move to strike plaintiffs references to the Missouri Merchandising Practices Act (MMPA).

## II. <u>Motion to Dismiss</u>

Defendants' motion to dismiss is made pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(6), and 9(b). For purposes of a motion to dismiss under both Rules 12(b)(1) and 12(b)(6), the Court accepts all well-pleaded allegations contained in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir.2012) (Rule 12(b)(1)); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir.2012) (Rule 12(b)(6)). Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction over its claims. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir.2003) (en banc). The Court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject-matter jurisdiction. *St. John's United Church of Christ v. City of Chi., 502 F.3d 616, 625 (7th Cir. 2007).*

A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police*

---

[1] At this time, the proposed class of plaintiffs has not yet been certified pursuant to FED.R.CIV.P. 23. It is not practical at this stage of the litigation to preclude the Court from obtaining a full assessment of the litigation before deciding issues pertaining to class certification. The Court finds that it is more appropriate to handle the issue in a class certification motion after proper discovery related to this issue has occurred.

*Chicago Lodge 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations and quotations omitted).

The Seventh Circuit Court of Appeals offers further guidance on what a complaint must do to withstand dismissal for failure to state a claim. The Court in *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) reiterated the premise: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that the claim is valid…" *Smith v. Medical*

*Benefit Administrators Group, Inc.,* 639 F.3d 277, 281 (7th Cir.2011); See also *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir.2012) (Rule 12(b)(1) motion to dismiss for lack of standing).

Additionally, a civil conspiracy claim that is "premised upon a course of fraudulent conduct can implicate Rule 9(b)'s heightened pleading requirements." *Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir.2007). FED.R.CIV.P. 9(b) requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." Generally, pleading "with particularity" requires that a plaintiff describe the "who, what, when, where, and how" of the alleged fraud. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 441–42 (7th Cir. 2011); *See also Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir.2006) ("Rule 9(b) requires that facts such as the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff be alleged in detail.") (internal quotations omitted). However, the pleading's structure for fraud claims may be modified, as facts may vary with a particular case. A civil conspiracy claim under Illinois law that is founded upon fraudulent conduct may implicate the arduous pleading requirements applicable to fraud claims (*Id.*). With these standards in mind, the Court now turns to defendant's arguments for dismissal.

### III. <u>Analysis</u>

Defendants move for dismissal of Barbara Mihalich's claims based on the primarily on the argument that she suffered no compensable injury. Specifically defendants contend that plaintiff failed to allege a cognizable injury meeting the Article III standing requirements and plaintiff failed to allege actual damage resulting from unlawful conduct to allow for a viable claim under the ICFA. Plaintiff contends that she has standing to raise the claims alleged in her complaint because she, along with all fellow purchasers of the powder, were deprived of the benefit of their bargain as a result of defendants' deceptive conduct to conceal the alleged risks of Johnson's® Baby Powder. Accordingly, the Court will address each argument in turn.

### a. Standing

As noted above, defendants seek dismissal under Rule 12(b)(1) for lack of Article III standing and under Rule 12(b)(6) for failure to state a claim. Because standing is jurisdictional, the Court must consider that issue before reaching the merits. See *Hinrichs v. Speaker of House of Representatives of Ind. Gen. Assembly*, 506 F.3d 584, 590 (7th Cir.2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 92 (1998).

To satisfy Article III standing, a plaintiff must allege: (1) an injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) a fairly traceable causal connection between the injury and the challenged conduct of the defendant; and (3) a likelihood that the injury would be redressed by a favorable decision. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010).

In the instant case, defendants argue that plaintiff's premise for establishing standing—that she paid more for Johnson's® Baby Powder than she would have had she known of its potential known health risks —does not allege an injury-in-fact to satisfy Article III of the United States Constitution. Plaintiff contends that she is not seeking personal injury damages, but instead alleges an economic injury in that she was deprived of the benefit of her bargain. The Seventh Circuit has held that a financial injury can support Article III standing. See *In re: Aqua Dots Products Liability Litigation*, 654 F.3d 748, 749 (7th Cir.2011)(The fact that the plaintiff "did not suffer physical injury, [did] not mean that they were uninjured. The plaintiffs' loss is financial: they paid more for the [product] than they would have, had they known of the risks... A financial injury creates standing.") See also *Lipton v. Chattem, Inc.*, 2012 WL 1192083, at *3–4 (N.D.Ill. 2012) (holding that plaintiff alleged that a weight loss drug she bought was worth less than what she paid because it contained a dangerous ingredient and that she would not have purchased the product had she known that the drug contained that ingredient).

In this case, the complaint states that plaintiff Mihalich "suffered an ascertainable loss of money by purchasing a dangerous product advertised as a safe product" and as a result, "[p]laintiff has suffered injury in fact and a loss of money in that she has been deprived of the benefit of her bargain . . ." regarding the misrepresentations and undisclosed risks attached to use of Johnson's® Baby Powder (Doc. 2 ¶ 81). For purposes of alleging an injury-in-fact, "general factual

allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim."" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990).). Therefore, at this stage of the litigation, construing all reasonable inferences in a light most favorable to the plaintiff, the above allegations allege an injury-in-fact at the time plaintiff purchased Johnson's® Baby Powder purchase, thus establishing standing.

### b. ICFA and Rule 9(b)

The Court now turns to defendant's argument that plaintiff's complaint should be dismissed under Rule 12(b)(6) and Rule 9(b) based on plaintiff's lack of specificity in her ICFA claim. The ICFA actual damages requirement is distinct from the Article III injury requirement, so it is necessary to determine whether the complaint adequately pleads actual damages, even though it has been determined that plaintiff has standing. *Rifkin v. Bear Stearns & Co.,* 248 F.3d 628, 631–32 (7th Cir.2001).

The ICFA protects consumers against "unfair or deceptive acts or practices," including "fraud," "false promise," and the "misrepresentation or the concealment, suppression or omission of any material fact." 815 ILCS 505/2. Under the ICFA, a plaintiff must show: "(1) the defendant committed a deceptive act or practice; (2) the defendant intended for the plaintiff to rely on the deception; (3) the deception happened in the course of trade or commerce; and

(4) the deception proximately caused the plaintiff's injury. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir.2012) (quoting *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir.2010)).

When a plaintiff alleges fraud under the ICFA in federal court, the heightened pleading standard of FED.R.CIV.P. 9(b) applies. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). Defendants contend that Mihalich fails to plead "the who, what, when, where, and how of the alleged fraud," as required by FED.R.CIV.P. 9(b). Plaintiff's complaint purports to allege deceptive practices, specifically with regard to the misrepresentations about the risks associated with talc use in the female genital region.

When a plaintiff asserts an ICFA claim premised on deceptive conduct, the requirements of FED.R.CIV.P. 9(b) apply to the averments of deception. *See, e.g., IWOI, LLC v. Monaco Coach Corp.,* 581 F.Supp.2d 994, 1002 (N.D.Ill.2008); *compare Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 670 (7th Cir.2008) (ICFA claim based on unfair as opposed to deceptive conduct is not subject to Rule 9(b)'s heightened pleading requirements). Johnson argues that Mihalich fails to describe the alleged deception with sufficient particularity.

The Illinois Supreme Court has made clear that a consumer cannot successfully uphold an ICFA claim absent some communication from the

defendant—whether that be a communication containing a deceptive misrepresentation or by deceptive omission. *De Bouse v. Bayer AG*, 235 Ill.2d 544, 550, 337 Ill.Dec. 186, 922 N.E.2d 309 (2009). In *De Bouse*, the plaintiff filed a putative class action against the manufacturer of a pharmaceutical company, based on the company's advertising. DeBouse did not allege any physical harm from taking the drug; rather, she claimed economic damages, arguing that Bayer was able to sell the drug at inflated prices as a result of its deceptive omissions regarding potential side effects of the drug. *Id.* at 547, 337 Ill.Dec. 186, 922 N.E.2d at 312. However, the court held that plaintiff failed to prove she was actually deceived by Bayer, either directly or indirectly. *Id.* at 560, 337 Ill.Dec. 186, 922 N.E.2d 309.

In the case at issue, Mihalich argues that despite defendants knowledge of the risks associated to talc use, "[n]owhere do Defendants warn of the increased risk of ovarian cancer linked to the use of Johnson's® Baby Powder." (Doc. 2 ¶ 20-21, 30). Instead, the company continues to promote their image "as a safe and trusted family brand" (Doc. 2 ¶ 118). Mihalich alleges that she would not have purchased Johnsons® Baby Powder had she been aware of the undisclosed risks associated with its use. She goes on to allege that defendants knew that the omissions and statements were deceptive based on the studies dating back many decades, yet intended consumers to rely on the "safe, gentle and mild" advertising and concealment of the risks of use.

However, a complaint alleging a violation of the Illinois Consumer Fraud Act must be pleaded with the same particularity and specificity under Rule 9(b) as that required for common law fraud. See, e.g., *IWOI, LLC,* 581 F.Supp.2d at, 1002. In this case, despite defendants knowledge that the omissions and statements were deceptive based on the studies dating back many decades, and intent that consumers rely on the "safe, gentle and mild" reputation of the defendant, Plaintiff Mihalich fails to allege the specific misrepresentations she saw, or how they were communicated to her. She notes multiple statements or websites of the defendant but does not satisfy Rule 9(b), as applied to her claim.

Rule 9(b) requires a plaintiff to plead facts sufficient to state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir.2014)(quoting *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir.1992) (citations omitted)). Therefore, Count I shall be dismissed with leave to amend on or before January 22, 2016.

### c. Unjust Enrichment

Under Illinois law, to state a claim of unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Gagnon v. Schickel,* 983 N.E.2d 1044, 1052 (Ill.App. 2012). Unjust enrichment is not an independent

cause of action but, rather, "is [a] condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud." *Id*.

Based on this Court's determination that that the plaintiff has insufficiently pled her ICFA claims, the unjust enrichment claim arising out of the same facts is also subject to dismissal. *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011)("an unjust enrichment claim will stand or fall with the related claim"); *Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.,* 493 F.3d 841, 855 (7th Cir.2007)("[W]hen the plaintiff's particular theory of unjust enrichment is based on alleged fraudulent dealings and we reject the plaintiff's claims that those dealings, indeed, were fraudulent, the theory of unjust enrichment that the plaintiff has pursued is no longer viable."). Therefore, Count II shall also be dismissed with leave to amend on or before January 22, 2016.

## IV.  Conclusion

For the reasons stated above, defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s motion to dismiss (Doc 17.) is **GRANTED**. The complaint is dismissed in its entirety without prejudice. Plaintiff has until January 22, 2016, to file her amended complaint.

**IT IS SO ORDERED.**

Signed this 23rd day of December, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.12.23 13:32:55 -06'00'

**United States District Judge**